**NOT FOR PUBLICATION**

**FILED**

AUG 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLORIA JEANETTE DAVIS, | No. 22-15418 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-05866-HSG |
| v. | |
| KAISER FOUNDATION HOSPITALS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted August 17, 2023**

Before:  O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Gloria Jeanette Davis appeals pro se from the district court's summary judgment in favor of defendants in Davis's employment discrimination action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *see Christian v. Umpqua Bank,* 984 F.3d 801, 808 (9th Cir. 2020), and we affirm.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Davis's claims of discrimination because Davis has failed to raise a triable dispute that her termination, or any other adverse employment action, was taken against her due to her race, color, sex, gender, age, or disability. *See* 42 U.S.C. 2000e-2(a)(1); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Enlow v. Salem-Keizer Yellow Cab*, 389 F.3d 802, 812 (9th Cir. 2004).

The district court properly granted summary judgment on Davis's claims of retaliation because Davis failed to establish a causal link between any protected activity and Davis's termination. *See, e.g., Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011).

The district court properly granted summary judgment on Davis's hostile work environment claims, because the alleged conduct of Davis's co-workers was not sufficiently severe or pervasive to alter the conditions of Davis's employment. *See Vasquez v. Cnty. Of Los Angeles,* 349 F.3d 634, 642 (9th Cir. 2003).

The district court properly granted summary judgment on Davis's claims that her employer failed to accommodate any disability, since Davis failed to identify any accommodations that she requested, and that were rejected or ignored. *See* 42 U.S.C. § 12112(b)(5)(A); *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001).

We reject Davis's requests, made in her opening brief, to supplement or to alter the record made before the district court. *See Andersen v. Cumming*, 827 F.2d 1303, 1305 (9th Cir. 1987).

Davis's motions for appointment of counsel (Docket Entry Nos. 3, 12), and for oral argument (Docket Entry No. 13), are denied.

**AFFIRMED**.